UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| EMIL MARDENLI, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:06-cv-554 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| MARY BERGHUIS, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | |
| | ) | |

This habeas corpus action is before the court on *de novo* review of petitioner's objections to the report and recommendation of the magistrate judge. By report and recommendation entered October 3, 2006, the magistrate judge determined that the amended petition failed to set forth any federal claim for habeas corpus relief and was based only on issues of state law. Petitioner has filed timely objections, asserting that the magistrate judge erred in reviewing the amended petition only, that the report and recommendation erroneously concluded that petitioner has failed to raise a meritorious federal claim, and that petitioner should be granted relief on his state-law claims. Upon *de novo* review, the court concludes that petitioner is not entitled to habeas corpus relief.

First, it is clear to the court that the magistrate judge indeed reviewed both the petition and the amended petition. Petitioner's first submission to this court was a *pro se* petition (docket # 1) that failed to address many of the issues relevant to the habeas corpus action. The magistrate judge appropriately directed petitioner to resubmit his claims on the approved form, as required by Rule 2(d) of the Rules Governing Section 2254 Cases and the Local Rules of this court. W.D. MICH.

LCIVR 5.6(a). Petitioner complied, and submitted an amended petition (docket # 6) with exhibits. Review of the report and recommendation shows that the magistrate judge indeed took into account both the original and the amended petition, as well as the attachments thereto. Likewise, this court has reviewed the entire record, including both petitions.

Second, petitioner incorrectly argues that he has raised a federal claim. Petitioner points out that his first petition requested that the court review the decision of the state Parole Board under an abuse-of-discretion standard pursuant to *United States v. Turkette*, 452 U.S. 576 (1981). The *Turkette* case involved a federal prosecution under the RICO statute. The Supreme Court in that case was called upon to determine whether the RICO statute was intended solely to protect only legitimate businesses from infiltration by racketeers or, on the other hand, was intended to apply to both legitimate and illegitimate enterprises. The *Turkette* decision had absolutely nothing to do with petitioner's eligibility for parole under state law.

Finally, petitioner agrees with the magistrate judge that the issues raised in his petition are based solely on Michigan statutory and decisional law. Petitioner apparently fails to appreciate, however, that federal habeas corpus relief cannot be based on alleged errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The state courts of Michigan are the final expositors of the meaning of their own statutes, and any error in this regard must be remedied by the state supreme court.

Accordingly, after *de novo* review, this court determines that the magistrate judge correctly concluded that the habeas corpus petition, as amended, fails to state any claim for federal habeas corpus relief. This action will therefore be summarily dismissed pursuant to Habeas Rule 4. In addition, the court will deny petitioner a certificate of appealability, the court concluding that

petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473 (2000).


Date:   October 17, 2006                             /s/ Robert Holmes Bell
                                                                  ROBERT HOLMES BELL
                                                                  CHIEF UNITED STATES DISTRICT JUDGE